**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              Case No. 92-CR-81212

CHANDAR A. SNOW,

       Defendant.

_____/

**OPINION AND ORDER CONSTRUING DEFENDANT'S "PETITION
FOR REDRESS OF GRIEVANCE" AS A SUCCESSIVE PETITION FOR
HABEAS CORPUS UNDER 28 U.S.C § 2255 AND TRANSFERRING THE
PETITION TO THE COURT OF APPEALS**

Defendant Chandar Snow was sentenced on August 16, 1993, following a jury

verdict of guilty as to two counts of the indictment. Defendant appealed on August 23,

1993, and the Sixth Circuit affirmed Defendant's conviction. Defendant then filed a

motion for a new trial, which the court denied on September 4, 1996. The Sixth Circuit

rejected Defendant's appeal of this court's order on this motion for a new trial.

Defendant next filed a petition pursuant to 28 U.S.C. § 2255. On December 3, 1999,

the court granted the Government's motion to dismiss Defendant's § 2255 petition.

Defendant appealed the court's order of dismissal on December 17, 1999, and the Sixth

Circuit declined to issue Defendant a certificate of appealability. On April 27, 2004,

Defendant filed another petition under § 2255, which the court transferred to the Sixth

Circuit on May 10, 2004. The Sixth Circuit dismissed Defendant's second habeas

petition. On January 30, 2008, Defendant filed the instant "Petition for Redress of

Grievance Under the First Amendment U.S[.] Constitution Article I for Constitutional Violations."

Although Defendant does not specify under what authority he brings his motion, Defendant claims in his motion that the judgment entered in this case is null and void due to numerous constitutional violations.  Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Because Defendant's motion in the instant case is an attempt to attack his conviction and sentence, it is the equivalent of a habeas petition under § 2255.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (finding that a pleading, which is in substance a successive habeas petition, should be treated accordingly).

Defendant has already filed two § 2255 petitions, on October 7, 1998 and April 27, 2004, respectively.  This court denied Defendant's first § 2255 petition and transferred to the Sixth Circuit Defendant's second § 2255 petition.  Treatment of this motion as an additional habeas petition would require Defendant's adherence to the requirements of § 2255.  That provision states that "[a] second or successive motion must be certified as provided in section 2244."  28 U.S.C. § 2255.  Section 2244 mandates that federal prisoners attempting to attack a sentence pursuant to § 2255 "request from the court of appeals an order authorizing the district court to entertain the second or successive request."  *In re Simms*, 111 F.3d 45, 46 (6th Cir. 1997) (citing 28

U.S.C. § 2244(b)(3); *Felker v. Turpin*, 518 U.S. 651(1996)).  Here, Defendant filed this second § 2255 petition directly with the district court, "entirely ignoring the permission requirement of § 2244(b)(3)."  *Id.* at 47.  Before this court may address the substance of this petition, Defendant must obtain authorization from the Sixth Circuit Court of Appeals.  This court's lack of jurisdiction does not, however, require Defendant to refile his petition with the Sixth Circuit Court of Appeals.  This court must, pursuant to 28 U.S.C. § 1631, transfer Defendant's petition to the circuit court for authorization.  *See In re Simms,* 111 F.3d at 47.  Accordingly,

IT IS ORDERED that Defendant's "Petition for Redress of Grievance Under the First Amendment U.S[.] Constitution Article I for Constitutional Violations" [Dkt. # 95] is CONSTRUED as a second or successive petition for habeas corpus under 28 U.S.C. § 2255 and TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for a determination of whether certification should issue pursuant to 28 U.S.C. § 2244.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 2, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 2, 2008, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522