**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           Case No. 92-CR-81212

CHANDAR A. SNOW,

    Defendant.
                                              /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR DECLARATORY JUDGMENT AND DENYING HIS MOTION TO SHOW CAUSE**

       Defendant Chandar Snow was sentenced on August 16, 1993, following a jury verdict of guilty as to two counts of the indictment. Defendant appealed on August 23, 1993, and the Sixth Circuit affirmed Defendant's conviction. Defendant then filed a motion for a new trial, which the court denied on September 4, 1996. The Sixth Circuit rejected Defendant's appeal of this court's order on this motion for a new trial. Defendant next filed a petition pursuant to 28 U.S.C. § 2255. On December 3, 1999, the court granted the Government's motion to dismiss Defendant's § 2255 petition. Defendant appealed the court's order of dismissal on December 17, 1999, and the Sixth Circuit declined to issue Defendant a certificate of appealability. On April 27, 2004, Defendant filed another petition under § 2255, which the court transferred to the Sixth Circuit on May 10, 2004. The Sixth Circuit dismissed Defendant's second habeas petition. On January 30, 2008, Defendant filed a "Petition for Redress of Grievance Under the First Amendment U.S[.] Constitution Article I for Constitutional Violations," which this court transferred to the Sixth Circuit on May 2, 2008 as a subsequent petition

for habeas relief under 28 U.S.C. § 2255. The Sixth Circuit dismissed Defendant's motion for lack of prosecution. Finally, on October 3, 2008, Defendant filed the current motions.

In his current motions, Defendant seeks to have this court make certain declarations as a matter of law and asks the court to "show cause" and respond to Defendant's motion. While muddled, Defendant's motions could be liberally construed together as a motion for reconsideration of any or all of this court's prior orders in Defendant's case. As such a motion, Defendant fails to identify "a palpable defect by which the court and the parties have been misled" or show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). Instead, Defendant asks this court for legal advice and to define legal concepts. Further, Defendant asks the court to declare why it will not consider his first motion, which the court does in this order. Without more, the court can identify no palpable defect and must deny Defendant's motions. Beyond a motion for reconsideration, Defendant does not make clear that this court has the power to grant any relief his motion might be seeking. Accordingly,

IT IS ORDERED that Defendant's "Notice of Motion of Compiling to Request for Declaratory Judgment" [Dkt. # 102] and his "Notice of Ex Parte Motion and Motion Show Cause the Deprivation to Answer Petitioner's Request for Declaratory Judgment Under 28 U.S.C. § 2201" [Dkt. # 103] are DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 1, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 1, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522