UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 92-CR-81212

CHANDAR A. SNOW,

    Defendant.
                                                /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION, DENYING HIS PETITION TO REDRESS GRIEVANCES, AND DENYING HIS REQUEST FOR JUDICIAL NOTICE**

Defendant Chandar Snow was sentenced on August 16, 1993, following a jury verdict of guilty as to two counts of the indictment. Defendant appealed on August 23, 1993, and the Sixth Circuit affirmed Defendant's conviction. Defendant then filed a motion for a new trial, which the court denied on September 4, 1996. The Sixth Circuit rejected Defendant's appeal of this court's order on this motion for a new trial. Defendant next filed a motion pursuant to 28 U.S.C. § 2255. On December 3, 1999, the court granted the Government's motion to dismiss Defendant's § 2255 motion. Defendant appealed the court's order of dismissal on December 17, 1999, and the Sixth Circuit declined to issue Defendant a certificate of appealability. On April 27, 2004, Defendant filed another motion under § 2255, which the court transferred to the Sixth Circuit on May 10, 2004. The Sixth Circuit dismissed Defendant's second habeas motion. On January 30, 2008, Defendant filed a "Petition for Redress of Grievance Under the First Amendment U.S[.] Constitution Article I for Constitutional Violations,"

which this court transferred to the Sixth Circuit on May 2, 2008 as a subsequent motion for habeas relief under 28 U.S.C. § 2255.  The Sixth Circuit dismissed Defendant's motion for lack of prosecution.  On October 3, 2008, Defendant filed motions seeking certain declarations as a matter of law and sought to have the court "show cause" and respond to his motion.  The court afforded Defendant a liberal reading, construed the motions as one seeking reconsideration, and denied the motions.  Finally, Defendant filed the current motions, seeking (1) reconsideration of the denial of his motion for reconsideration, (2) a petition for redress of grievances, and (3) a request for judicial notice.

First, Defendant's motion for reconsideration is nearly identical to his prior motion, filed on October 3, 2008, with the notable difference that he now asks the court to "please reconsider" the same items it previously ruled upon.  Defendant provides no legal authority for this court to provide the type of legal advice he seeks, nor would it be proper for this court to do so.  Most important, though, Defendant fails to identify "a palpable defect by which the court and the parties have been misled" or show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  Without more, the court can identify no palpable defect and must deny Defendant's motion for reconsideration.

Defendant has also filed a "Petition for Redress of Grievances Under the First Amendment," in which he makes clear he is not seeking relief under 28 U.S.C. § 2255. (Pet.'s Pet. at 1, "This is not a 2255.")  Beyond a litany of grievances, however, Defendant identifies no legal basis for this court to grant his sought after "dismissal and release from an illegal indictment, conviction and sentence."  As such, the court will

deny his petition.

Finally, Defendant filed a "Request for Mandatory Judicial Notice," under Federal Rule of Evidence 201. Though Defendant accurately cited the rule, it does not govern the type of action here, where Defendant seeks to have the court adjudicate his motion and petition. Instead, the rule governs judicially noticed *facts* that form the basis of evidence (thus its inclusion in the Federal Rules of Evidence), and does not dictate when and how Defendant's filings will be considered. Although Defendant misuses Federal Rule of Evidence 201, the court construes his intent as seeking the consideration of his motion and petition. To that end, the court has considered them, as it does all filings in due course, and finds them unavailing. Therefore, his request for judicial notice is moot.

Accordingly, IT IS ORDERED that Defendant's "Motion for Reconsideration . . ." [Dkt. # 105] and his "Petition for Redress of Grievances . . ." [Dkt. # 106] are DENIED.

IT IS FURTHER ORDERED that Defendant's "Request for Mandatory Judicial Notice . . ." [Dkt. # 107] is DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: February 9, 2009

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 9, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\92-81212.SNOW.Deny.Reconsid.Petition.and.Notice.eew.wpd