UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 92-81212

CHANDAR A. SNOW,

    Defendant.
_____/

**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY AND
GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

Following a jury trial in 1993, Defendant Chandar Snow was convicted of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count 1), and knowingly and intentionally causing the killing of a person while engaged in a drug conspiracy, in violation of 21 U.S.C. §§ 846, 848(e)(1)(A)) (Count 2). (Dkt. # 33.) Snow was sentenced concurrently to 327 months of imprisonment for Count 1 and life imprisonment for Count 2. (*Id.*) On October 21, 2014, Snow filed a Motion Pursuant to the Fed. R. Crim. P. Rule 33 (Dkt. # 139), requesting the court to grant Snow a new trial. In an order dated December 23, 2014, the court construed Snow's motion as a successive petition for habeas corpus relief under 28 U.S.C. § 2255 and transferred the motion to the United States Court of Appeals for the Sixth Circuit for a determination of whether certification should issue pursuant to 28 U.S.C. § 2244. (Dkt. # 140.) Now before the court are an application to proceed in forma

pauperis on appeal (Dkt. # 142) and an application for a certificate of appealability (Dkt. # 143) seeking to appeal from the court's December 23, 2014 order.

The Sixth Circuit issued an order on April 8, 2015 finding that Snow's motion for permission to file a successive application for habeas relief was defective and dismissing the action for want of prosecution. (Dkt. # 145.) The Sixth Circuit's order stated that, "[e]ven if the default is subsequently cured, the application will not be restored to the court's active docket." (*Id.* at 360.) Because the Sixth Circuit has already disposed of Snow's motion, the court will deny Snow's application for a certificate of appealability as moot.

With regard to Snow's application to proceed in forma pauperis on appeal, 28 U.S.C. § 1915(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "Good faith" requires a showing that the issues raised are not frivolous. *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). The issues raised in Snow's appeal are not frivolous, and the court therefore cannot certify that the appeal is not taken in good faith. While the application to proceed in forma pauperis on appeal is otherwise moot, the court will grant Snow's application to proceed in forma pauperis on appeal with regard to any back fees that may be assessed. Accordingly,

IT IS ORDERED that the Application for Certificate of Appealability (Dkt. # 143) is DENIED as moot.

IT IS FURTHER ORDERED that the Application to Proceed in Forma Pauperis on Appeal (Dkt. # 142) is GRANTED.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 7, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 7, 2015, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522