# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                        Case No. 92-81212

CHANDAR SNOW,

       Defendant.

_____/

## OPINION AND ORDER CONSTRUING DEFENDANT'S MOTIONS AS A SUCCESSIVE 28 U.S.C. § 2255 PETITION AND TRANSFERRING THEM TO THE UNITED STATES COURT OF APPEAL FOR THE SIXTH CIRCUIT

In 1993, Defendant Chandar Snow was convicted by a jury of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and conspiracy to kill a person during a drug offense in violation of 21 U.S.C. §§ 846 and 848(e)(1) and sentenced to 327 months incarceration. For roughly 25 years, Defendant has unsuccessfully attempted to vacate his sentence based on various constitutional and procedural grounds. The court recently summarized Defendant's lengthy litigation history in its Order dated July 16, 2018. (Dkt. 156.)

Pending before the court are three motions filed by Defendant: (1) a motion for reconsideration of the court's July 2018 order (Dkt. #158); (2) a motion to set aside judgment under Federal Rule of Civil Procedure 60(b) (Dkt. #159); and (3) "a Motion under Federal Rule of Criminal Procedure 12(b)(3)(B)(v)." (Dkt. #160.) Although difficult to parse, each of these motions appear to challenge the validity of Defendant's

conspiracy convictions and do not seem to raise any new arguments or present new evidence.

To date, Defendant already filed three motions under 28 U.S.C. § 2255 challenging his sentence (Dkt. # 71, 88, 95.) Despite Defendant's attempts to rebrand his most recent batch of motions under the Federal Rules of Criminal and Civil Procedure, the pending motions are nothing more than attempts to challenge Defendant's sentence based on arguments that have been considered and rejected multiple times by both this court and the Court of Appeals for the Sixth Circuit. Therefore, the court will construe Defendant's motions as a singular, successive habeas petition and transfer them to the Court of Appeals for certification. *See Albo v. United States*, 498 F. App'x 490, 495 (6th Cir. 2012) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)) ("[W]here a Rule 60(b) motion presents an attack on an earlier decision on the merits, it is properly considered a second or successive habeas motion."). Accordingly,

IT IS ORDERED that Defendant's motions (Dkt. # 158, 159, 160) are consolidated and CONSTRUED as a second or successive petition for habeas corpus under 28 U.S.C. § 2255 and TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for a determination of whether certification should issue pursuant to 28 U.S.C. § 2244.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 4, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 4, 2018, by electronic and/or ordinary mail.

<span style="text-align:right;">s/Lisa Wagner<br>Case Manager and Deputy Clerk<br>(810) 292-6522</span>

S:\Cleland\Cleland\HEB\Habeas\92-81212.SNOW.successive.2255.HEB.docx