**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 92-81212

CHANDAR SNOW,

    Defendant.

                                                  /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION AND DENYING AS MOOT DEFENDANT'S
MOTION FOR WITHDRAWAL OF COUNSEL**

On July 19, 2019, the court denied Defendant's motion to reduce his sentence under to the First Step Act. (ECF No. 175.) A few days later, Defendant filed a notice of appeal to challenge that order. (ECF No. 177.) The same day as he filed his notice of appeal, Defendant also filed a motion for the withdrawal of his attorney— Joan Morgan of the Federal Defender's Office—and a motion for reconsideration. The motion for reconsideration was docketed after Defendant's notice of appeal.

The scope of Ms. Morgan's representation is not clear. The court did not appoint counsel for Defendant, but Ms. Morgan filed a supplemental brief (ECF No. 172) on behalf of Defendant's motion to reduce his sentence. Nevertheless, Defendant's motion for withdrawal of counsel appears to be moot because Defendant filed his notice of appeal pro se and there is no attorney of record listed on the Sixth Circuit's docket for his appeal.

Although the Clerk's Office docketed his motion for reconsideration after his notice of appeal, Defendant mailed both documents to the court at the same time. Generally, a notice of appeal divests this court of jurisdiction except to the extent that the court can aid in the appeal. *See Hogg v. United States*, 411 F.2d 578 (6th Cir. 1969). Where a motion for reconsideration is filed simultaneously with a notice of appeal, the Sixth Circuit has found that a district court lacks jurisdiction over the motion for reconsideration. *See Williams v. Clark*, 991 F.2d 798 (6th Cir. 1993) (unpublished); *see also Raum v. Norwood*, 93 F. App'x 693, 695 (6th Cir. 2004) ("We also note that the plaintiffs deprived the district court of jurisdiction by filing a notice of appeal before the district court had a chance to make a decision on the motion to reconsider."). Even if the motion had been filed prior to the notice of appeal, the motion would still be denied as Defendant has failed to present a palpable defect by which the court had been misled. *See* E.D. Mich. LR 7.1(h)(3). The court cannot grant motions for reconsideration that, as here, "merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id.* Accordingly,

IT IS ORDERED that Defendant's Motion for Withdrawal of Counsel (ECF No. 176) is DENIED AS MOOT and his Motion for Reconsideration (ECF No. 178) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 17, 2019

2

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 17, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Habeas\92-81212.SNOW.deny.reconsideration.HEK.docx