**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                      Case No. 92-81212

CHANDAR A. SNOW,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION**
**TO CORRECT PRESENTENCE REPORT**

Before the court is Defendant Chandar Snow's "Motion to Correct Presentence Report." (ECF No. 187.) The Government filed a response on July 19, 2021. (ECF No. 191.) For the reasons explained below, the motion will be denied.

**I. BACKGROUND**

In 1993, a jury convicted Snow of conspiracy to distribute and to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) (Count 1), and conspiracy to kill a person while engaged in a conspiracy to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 848(e)(1)(A) (Count 2). *United States v. Snow*, 48 F.3d 198, 199 (6th Cir. 1995). Snow was sentenced to concurrent terms of 327 months of imprisonment as to Count 1 and life imprisonment as to Count 2. *Id.* The convictions were upheld on direct appeal. *Id*. For over twenty-five years, Defendant has unsuccessfully attempted to vacate his sentence based on various constitutional and procedural grounds. The court thoroughly summarized Defendant's lengthy litigation in a previous opinion. (*See* ECF No. 156.)

Before Defendant's sentencing, the Probation Office prepared a presentence investigation report ("PSR"), and Defendant did not object to its contents. Now, more than twenty-five years after his sentencing, Defendant seeks to alter the report's findings. (*See* ECF No. 187, PageID.568-79.) Specifically, Defendant contends that his PSR should be changed to eliminate references to his conspiracy to distribute crack cocaine conviction since the statute is "defunct"—he also cites sentencing changes enacted by the First Step Act in support of his motion. (*Id.*, PageID.570.) The Probation Office refused to modify the report, noting that the Probation Office can make no changes to the PSR post-sentencing because the PSR is a court document. (*Id.*, PageID.568-79.) Defendant now moves for this court to order the Probation Office to make the changes he demands. But neither this court nor the Court of Appeals for the Sixth Circuit, made any findings of error that would warrant changes to the PSR.

## II. STANDARD

Presentence reports are understood to contain findings and facts subject to disagreement. Such reports are not subject to a high burden of accuracy. In fact, "sentencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all, even when the presentence report was not furnished to defendants." *United States v. Silverman*, 976 F.2d 1502, 1509 (6th Cir. 1992) (citing *McMillan v. Pennsylvania*, 477 U.S. 79, 91 (1986)).

Federal Rule of Criminal Procedure 32 considers the contested nature of presentence reports by allowing criminal defendants to file objections for the sentencing court to consider. Fed. R. Crim. P. 32(f). The Sixth Circuit has stated that "[a] defendant who challenges the factual allegations in the [presentence report] has the burden of

2

producing some evidence beyond a bare denial that calls the reliability or correctness of the alleged facts into question." *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003) (citing *United States v. Dolan*, No. 95-1769, 1996 WL 599819 (6th Cir. Oct. 17, 1996)).

If a Defendant fails to object to a PSR report in a timely fashion, he generally cannot later request a factual change to the report. *See United States v. Sarduy*, 838 F.2d 157 (6th Cir. 1988) ("'We hold that [Rule 32 governing presentence reports], standing alone, does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence for a Rule 32 violation.'") (quoting *United States v. Fischer*, 821 F.2d 557 (11th Cir. 1987)); *United States v. Angiulo*, 57 F.3d 38, 41 (1st Cir. 1995) ("Rule 32 provides no independent foundation for a post-sentence motion to correct a [PSR].")).

### III. DISCUSSION

Defendant asserts that the court can correct his presentence report through either a "writ of mandamus" or the mechanism of "Rule 81." (ECF No. 187, PageID.568.) According to the Federal Rules of Criminal Procedure, there is not a rule 81 applicable to this motion. However, the Government found Rule 21 of the Federal Rules of Appellate Procedure entitled "Writs of Mandamus and Prohibition."

The court first finds that it lacks any authority to now order a modification to Defendant's PSR in the present case. The Federal Rules of Criminal Procedure provide that, "within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P.

3

32(f)(1). Snow failed to timely object to the report; therefore, he accepted all factual allegations contained in it and waived his right to challenge the reliability of the facts contained in the PSR on a later attack. *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008). Defendant in the present case points to no valid Federal Rule of Criminal Procedure or statute that would give this court jurisdiction to make the requested changes to the PSR. *See Sarduy*, 838 F.2d at 157 (finding no authority under Federal Rule of Criminal Procedure 32 to correct a PSR after Defendant failed to raise the issue on direct appeal); Fed. R. Crim. P. 35(e) (district court may correct a sentence that resulted from "arithmetical, technical, or other clear error" within 14 days after imposition of sentence); Fed. R. Crim. P. 36 (district court may correct a "clerical error" in a judgment at any time); *see also U.S. v. Leath*, 711 F.2d 119 (8th Cir. 1983) (holding that a claimant's "Motion to Correct Presentence Report" could not be construed as a 28 U.S.C. § 2255 motion or a 28 U.S.C. § 2241 motion, and remanding the motion to be dismissed for lack of jurisdiction).

Attempting to circumvent the jurisdictional issue, Defendant requests the court issue a writ of mandamus compelling probation office to make the requested changes, but he points to no examples where a district court has ordered such a substantive correction to a presentence report based on a mandamus request. A writ of mandamus is an extraordinary and discretionary remedy. *See Ex parte Fahey*, 332 U.S. 258, 259-260 (1947). In evaluating whether to issue a writ of mandamus, the Court of Appeals for the Sixth Circuit considers five factors:

> (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired; (2) whether the petitioner will

4

> be damaged or prejudiced in a way not correctable on appeal after a final judgment; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order contains an oft-repeated error, or manifests a persistent disregard of the federal rules; (5) whether the district court's order raises new and important problems, or legal issues of first impression.

*John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008). Not every factor need *apply. In re Perrigo*, 128 F.3d 430, 435 (6th Cir. 1997).

Defendant does not meet any of the above conditions. He fails to show how he has been prejudiced or damaged by the information in the PSR. In 1990, the Sixth Circuit ruled that when challenging a PSR, the petitioner must show that the information was (1) material, that is, significant, (2) false, and (3) that the sentencing judge relied upon it in imposing sentence. *United States v. Robinson*, 898 F.2d 1111, 1116 (6th Cir. 1990). Defendant fails to show any basis for challenging the PSR, as there was no false material in the PSR during the time it was drafted. Rather, Defendant essentially argues that some of the convictions listed on his PSR report should be removed because of sentencing changes purportedly made retroactive under the First Step Act. (*See* ECF No. 187, PageID.570.) Defendant's latest motion appears to be nothing more than a backdoor attempt at having convictions removed from his record which he has repeatedly challenged unsuccessfully. *See, e.g., United States v. Snow,* No. 92-81212, 2018 WL 10483520, at *2 (E.D. Mich. July 16, 2018) (finding that Defendant's "vague allegations" of "factual error in his PSR. . . was forfeited by his failure to raise the issue at sentencing (or, if it was raised at sentencing, his failure to raise the issue on direct appeal)"); *United States v. Snow*, 967 F.3d 563, 564 (6th Cir. 2020) (finding that Defendant was ineligible for relief under the First Step Act because the convictions were

5

not a "'covered offense'"). Consequently, there are no grounds for the issuance of the writ requested by Defendant, as there is no cause warranting relief. *See Rumler v. U.S.*, 1996 WL 338603, 1 (6th Cir. 1996) (affirming denial of a mandamus petition, based on objections to a PSR, because the petitioner had not shown that there was an extraordinary situation where the petitioner had no other adequate means of relief, and he could not show a clear and an indisputable right to the relief sought since he could have presented the issue of direct appeal).

This pending motion is a creative, though ineffectual, attempt at getting around unfavorable rulings by the Sixth Circuit in Snow's case. Snow cannot try to correct a non-clerical error in a presentence report over twenty-five years later. There is no need for the presentence report to be corrected, further, this court lacks jurisdiction to do so.

## IV.  CONCLUSION

Because Defendant has failed to provide any valid basis for the court to correct Defendant's presentence report, the court will deny the motion. Accordingly,

IT IS ORDERED that Defendant's Motion to Correct Presentence Report, (ECF No.187) is DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 5, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 5, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner /  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Criminal\92-81212.SNOW.MotiontoCorrectPresentanceReport.CM.AAB.docx