**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                            Case No. 92-81212

CHANDAR A. SNOW,

     Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION**
**FOR COMPASSIONATE RELEASE**

Before the court is Defendant Chandar Snow's "Alternative Motion" for
Compassionate Release. (ECF No. 195.) The court finds that the motion must be
denied.

**I. BACKGROUND**

In 1993, a jury convicted Snow of conspiracy to distribute and to distribute
cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) (Count 1), and conspiracy to kill a
person while engaged in a conspiracy to distribute at least 50 grams of cocaine base, in
violation of 21 U.S.C. §§ 846 and 848(e)(1)(A) (Count 2). _United States v. Snow_, 48
F.3d 198, 199 (6th Cir. 1995). Snow was sentenced to concurrent terms of 327 months
of imprisonment as to Count 1 and life imprisonment as to Count 2. _Id_. The convictions
were upheld on direct appeal. _Id_. For over twenty-five years, Defendant has
unsuccessfully attempted to vacate his sentence based on various constitutional and
procedural grounds. The court thoroughly summarized Defendant's lengthy litigation in
a previous opinion. (_See_ ECF No. 156.)

More recently, Defendant has been focused on attacking his conviction and sentence through the First Step Act. In April 2019, Defendant filed a *pro se* motion for a reduction of his sentence for Count 2 in light of § 404 of the First Step Act, which allows district courts to apply retroactively certain sections of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. (*See* ECF No. 169.) This court denied the motion (*see* ECF No. 175), and Defendant filed a timely appeal. The Sixth Circuit ultimately denied this appeal, "hold[ing] that the First Step Act's text and structure do not support extending resentencing relief to Snow's § 848(e)(1)(A) conviction." *United States v. Snow*, 967 F.3d 563, 564 (6th Cir. 2020) ("In sum, Snow's § 848(e)(1)(A) conviction is not a covered offense and he is ineligible for a reduction in his sentence for Count 2.").

Undeterred, Defendant pursued a new route in May 2021 by filing a "Writ of Mandamus" seeking an order compelling the Probation Department to modify Defendant presentence investigation report ("PSR") to alter the report's findings. (*See* ECF No. 187, PageID.568-79.) Specifically, Defendant contended that his PSR should be changed to eliminate references to his conspiracy to distribute crack cocaine conviction since the statute is "defunct"—he also cited sentencing changes enacted by the First Step Act in support of his motion. (*Id.*, PageID.570.)

The court denied the motion, however, "find[ing] that it lack[ed] any authority to now order a modification to Defendant's PSR," and that in any event, "Defendant's latest motion appears to be nothing more than a backdoor attempt at having convictions removed from his record which he has repeatedly challenged unsuccessfully." (ECF No. 193, PageID.604, 607.)

Defendant's latest "alternative motion" appears to be an attempt at attaining the same result through yet another procedural avenue—by pursuing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See* ECF No. 195.) The Defendant states that he brings this motion in hopes of correcting the Sixth Circuit's "error[]" when it "den[ied] Snow's appeal for eligibility for the First Step Act of 2018." (*Id.*, PageID.633.) And he notes that "[d]ue to the COVID-19 Pandemic Snow['s] en banc rehearing motion was denied for being untimely." (*Id.*) Defendant has also attached, as an exhibit, a Bureau of Prisons ("BOP") form entitled "Inmate Request for Compassionate Release" which Defendant filed out. The form indicates that Defendant file an administrative request for compassionate release because he suffers from "severe asthma." (*Id.*, PageID.635.)

## II. DISCUSSION

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no

"applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. §
3582(c)(1)(A). Thus, when a prisoner moves for compassionate release, the
requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy
statement[]" does not apply, and courts are to ignore it. *Jones*, 980 F.3d at 1111; *accord
United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). To obtain compassionate
release, a prisoner must nevertheless present "extraordinary and compelling"
circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18
U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full
discretion to define 'extraordinary and compelling'" and must also "determine whether,
in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Defendant's circumstances are not extraordinary or compelling. 18 U.S.C. §
3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent."
*Extraordinary*, Webster's Third International Dictionary, Unabridged (2020).
"Compelling" is defined as "tending to convince or convert by or as if by forcefulness of
evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020).
Courts have interpreted "extraordinary" in the context of compassionate release as
"beyond what is usual, customary, regular, or common," and a "'compelling reason" as
"one so great that irreparable harm or injustice would result if the relief is not granted."
*United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31,
2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at
*5 (E.D. Mich. May 15, 2020) (Cox, J.).

Here, Defendant appears to be asserting that an "error" in the Sixth Circuit's
interpretation of the First Step Act combined with a diagnosis of "severe asthma"

constitute an extraordinary and compelling reason for his release. Defendant is incorrect. It is not the role of this court to review the accuracy of a legal ruling by the Sixth Circuit whether through the compassionate relief statute or any other mechanism.

And the court finds that "[a]sthma, without other medical conditions is not a sufficiently 'extraordinary or compelling' reason such that compassionate release is necessary." *United States v. Jones*, No. 2:14-CR-20176-1, 2020 WL 5993234, at *1 (E.D. Mich. Oct. 9, 2020) (Murphy, J.) (quoting *United States v. Benzer*, No. 13-CR-18, 2020 WL 3172993, at *2 (D. Nev. June 15, 2020)) (internal quotation marks omitted); *see also United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at *3 (E.D. Mich. May 15, 2020) (Cox, J.) (finding that an inmate's asthma was not an "extraordinary or compelling reason" to grant release because the "asthma ha[d] not reached a terminal phase with an end of life trajectory, and [the inmate was] not unable to self-care" through medication) (internal quotations omitted). Here, aside from asserting that he has "severe asthma," Defendant has provided no further explanation on the prognosis of his condition, and he has attached no medical records or other official documentation in support.

## IV.  CONCLUSION

Because Defendant has not provided an "extraordinary and compelling" reason justifying release, his request for compassionate release will be denied. Accordingly,

IT IS ORDERED that Defendant's "Alternative Motion for Compassionate Release," (ECF No.195) is DENIED.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 27, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 27, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                        /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Criminal\92-81212.SNOW.MotionForCompassionateRelease.AAB.docx