**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 Case No. 92-81212

CHANDAR A. SNOW,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION PURSUANT TO 404(B) OF THE FIRST STEP ACT" (ECF NO. 197) AND "MOTION FOR RECONSIDERATION" (ECF NO. 200)**

In 1993, a jury convicted Snow of conspiracy to distribute and to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) (Count 1), and conspiracy to kill a person while engaged in a conspiracy to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 848(e)(1)(A) (Count 2). *United States v. Snow*, 48 F.3d 198, 199 (6th Cir. 1995). Snow was sentenced to concurrent terms of 327 months of imprisonment as to Count 1 and life imprisonment as to Count 2. *Id.* The convictions were upheld on direct appeal. *Id*. For over twenty-five years, Defendant has unsuccessfully attempted to vacate his sentence based on various constitutional and procedural grounds. The court thoroughly summarized Defendant's lengthy litigation in a previous opinion. (*See* ECF No. 156.)  Most recently, the court issued two opinions: one denying a "Motion for Compassionate Release" (ECF No. 196), and one denying a "Motion to Correct Defendant's Presentence Report" (ECF No. 193). Thereafter, Defendant filed a "Motion Pursuant to 404(b) of the First Step Act" (ECF No. 197) and a "Motion for Reconsideration" (ECF No. 200). Both motions seek reconsideration of the

court's previous rulings denying his repeated motions and arguments under the First Step Act. Both motions will be denied.

"Motions for reconsideration of non-final orders are disfavored." E.D. Mich. LR 7.1(h)(2).  Such motions must be brought within 14 days of the challenged order. *Id.* Here, because Defendant appears to be challenging a wide range of orders, the court is not persuaded that Defendant's motions are timely. Assuming that they are timely, he has nonetheless failed to show he is entitled to relief. Motions for reconsideration must be brought on the following grounds:

> (A)   The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B)   An intervening change in controlling law warrants a different outcome; or
> (C)   New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

*Id.* Defendant adamantly insists that if he were given a "full review" of his First Step arguments, in light of recent Supreme Court precedent, he would be entitled to a sentence reduction. The court disagrees. The Sixth Circuit performed a thorough analysis of Defendant's arguments and denied them. Defendant's current motions attack the Sixth Circuit's reasoning and read as "appeals" of the Sixth Circuit's decision, which of course this court has no jurisdiction to review. Simply put, Defendant's motions amount to no more than yet another bite at a fairly decimated apple. His repeated attempts to reduce or vacate his sentence are creative, but not meritorious. Accordingly,

IT IS ORDERED that Defendant's "Motion Pursuant to 404(b) of the First Step Act" (ECF No. 197) and "Motion for Reconsideration" (ECF No. 200) are DENIED.

                                          s/Robert H. Cleland                /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 13, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 13, 2023, by electronic and/or ordinary mail.

                                          s/Kim Grimes                    /
Deputy Clerk

S:\Cleland\Cleland\CHD\Criminal\92-81212.SNOW.Reconsideration.chd.docx